UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ALISHER SABIROV,

                Petitioner,

v.

MARKWAYNE MULLIN et al.,

                Respondents.
_____/

Case No. 1:26-cv-1595

Hon. Hala Y. Jarbou

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I.      Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, accept jurisdiction over this action and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.11.) In an order entered on May 22, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed their response on May 28, 2026, (ECF No. 4), and Petitioner filed his reply on June 1, 2026, (ECF No. 5).

## II.    Factual Background

Petitioner is a native and citizen of Uzbekistan. (Pet., ECF No. 1, PageID.4; Notice of Action, ECF No. 1-1, PageID.14.) Petitioner entered the United States on January 15, 2015, as an F-1 student nonimmigrant and "failed to maintain that status or comply with its conditions. . ." (Notice to Appear (NTA), ECF No. 1-1, PageID.25; Resp., ECF No. 4, PageID.50.)

On October 15, 2020, Petitioner filed an Application for U Nonimmigrant Status. (Notice of Action, ECF No. 1-1, PageID.19.) United States Citizenship and Immigration Services (USCIS), a federal agency under the Department of Homeland Security (DHS), made a bona fide determination that Petitioner was "a victim of qualifying criminal activity" for purposes of the U visa application. (Pet., ECF No. 1, PageID.4.) On November 19, 2024, Petitioner's wife filed a Petition for Alien Relative (Form I-130) on Petitioner's behalf, and Petitioner filed his Application to Register Permanent Residence or Adjust Status (Form I-485) the same day. (*Id*.) Both requests for relief are still pending with USCIS. (*Id*.)

On November 3, 2025, ICE took Petitioner into custody. (Pet., ECF No. 1, PageID.2.) ICE issued Petitioner a Form I-862, NTA, charging Petitioner with removability under the Immigration and Nationality Act (INA) "[s]ection 237(a)(1)(C)(i) . . . [because he] failed maintain or comply with the conditions of the nonimmigrant status under which [he] was admitted." (NTA, ECF No. 1-1, PageID.25.) Petitioner was scheduled for a bond hearing on February 25, 2026, but withdrew his bond motion "so he could obtain counsel and refile." (Resp., ECF No. 4, PageID.50.) There is no indication in the record presently before the Court that Petitioner requested a bond hearing after obtaining counsel or that any other hearing in Immigration Court is scheduled for Petitioner.

## III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S.

Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV.    Discussion

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *see, e.g.*, *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025).

As relief in this action, Petitioner asks the Court to declare "Petitioner's continued detention violates the Due Process Clause and order Petitioner's immediate release under reasonable conditions of supervision." (Pet., ECF No. 1, PageID.11.) Respondents, through counsel, acknowledge that § 1226 governs Petitioner's present detention because he overstayed his visa after being lawfully admitted to the United States and that Petitioner would be entitled to a § 1226(a) bond hearing if Petitioner requested it. (Resp., ECF No. 4, Page 54–55.) There is no indication in the record presently before the Court that Petitioner has requested a bond hearing under § 1226(a) in Immigration Court. In light of Respondents' concession that, if requested,

Petitioner would receive § 1226(a) bond hearing, the Court will dismiss this action without prejudice.[1]

## V.    Conclusion

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: June 8, 2026                          /s/ Hala Y. Jarbou
                                             HALA Y. JARBOU
                                             CHIEF UNITED STATES DISTRICT JUDGE

---

[1] If contrary to Respondents' concession in their brief, when Petitioner requests a bond hearing in Immigration Court, Respondents do not in fact provide Petitioner with a § 1226(a) bond hearing where the Immigration Judge concludes that he or she has jurisdiction to consider the bond request, then Petitioner would be free to file a new § 2241 petition requesting that this Court order Respondents to provide Petitioner with a § 1226(a) bond hearing.